FILED

APR 11 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
     DEPUTY CLERK

Name: WILLIAM G. CURTIS
Prison Number: 05512-027
Address or Place of Confinement: USP ATWATER
P.O. BOX 019001
ATWATER, CA 95301

Note: If represented by an attorney, write attorney's name, address & telephone number

# United States District Court
## EASTERN DISTRICT OF CALIFORNIA

Full Name (First, Middle, Last): WILLIAM G. CURTIS

Petitioner,

vs.

Name of Warden: B. M. TRATE, WARDEN
(or other authorized person having custody of petitioner)

Respondent.

CASE NO. 1:22-CV-415-BAK (HC)
(to be supplied by the Clerk of the United States District Court)

PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY

RECEIVED
APR 11 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
     DEPUTY CLERK

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. _____ a conviction
2. ✓ a sentence
3. _____ jail or prison conditions
4. _____ prison discipline
5. _____ a parole problem
6. _____ other

CAUTION: If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY
Page 1 of 5

**PETITION**

(1) Place of detention: USP ATWATER, P.O. BOX 019001, ATWATER, CA 95301

(2) Name and location of court which imposed sentence: U.S. DISTRICT COURT, NORTHERN DISTRICT OF INDIANA - HAMMOND DIVISION

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed: 2:98-CR-78-RL — OFFENSES: CONSPIRACY TO DISTRIBUTE CRACK COCAINE; FIREARMS. (18 USC 924 (j))

(4) The date the sentence was imposed and the terms of the sentence: JUNE 1, 2001 — COUNT 1 CONSPIRACY: LIFE; COUNT 2 T6-480 MOS. COUNTS 3+4: LIFE; COUNT 7 - 60 MONTHS

(5) What was your plea (check one):  Not guilty (X)   Guilty ( )   Nolo contendere ( )

(6) Kind of trial (check one):   Jury (X)   Judge only ( )

(7) Did you appeal from the judgment of conviction or the imposition of sentence:  Yes (X)   No ( )

(8) If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court: U.S. COURT OF APPEALS, SEVENTH CIRCUIT
Grounds raised (list each):
  1) SUFFICIENCY OF EVIDENCE TO SUSTAIN CONVICTIONS
  2) WHETHER SEPARATE 924 (j) CONVICTIONS VIOLATE DOUBLE JEOPARDY
Result/Date of result: MARCH 31, 2003, CONVICTIONS + SENTENCES AFFIRMED

SECOND APPEAL:
Name of court: U.S. SUPREME COURT
Grounds raised (list each):
  1) SUFFICIENCY OF EVIDENCE TO SUSTAIN CONVICTIONS
  2) WHETHER SEPARATE 924 (j) CONVICTIONS VIOLATE DOUBLE JEOPARDY
Result/Date of result: NOVEMBER 3, 2003 - CERTIORARI DENIED

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner. Summarize *briefly* the *facts* supporting each ground

CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY
Page 2 of 5

→ GROUND ONE   WHETHER PETITIONER IS ACTUALLY INNOCENT

OF A NON CAPITAL, PRE-BOOKER SENTENCE ON COUNTS 3 + 4.

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

CAUTION: You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

AT THE TIME OF MY DIRECT APPEAL IN 2001, AND FIRST 2255 IN 2004, I WAS UNABLE TO MAKE A CLAIM OF ACTUAL INNOCENCE OF A NON CAPITAL, PRE-BOOKER SENTENCE OF LIFE IMPRISONMENT ON COUNTS 3 + 4 OF THE THIRD SUPERSEDING INDICTMENT, DUE TO THE MANDATORY NATURE AND NON-APPLICATION OF THE SENTENCING GUIDELINES FOR CONSPIRACY UNDER 21 USC 846.

→ GROUND TWO ___N/A___

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).
N/A

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes ( )    No (X)    If your answer is no, explain why not: REQUESTING WRIT OF HABEAS CORPUS UNDER "ESCAPE HATCH" OF 28 USC 2255(e).

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL    Level of appeal: ___N/A___
Grounds raised (list each):
   1) ___
   2) ___
Result/Date of result: ___

SECOND ADMINISTRATIVE APPEAL    Level of appeal: ___N/A___
Grounds raised (list each):
   1) ___
   2) ___
Result/Date of result ___

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

Page 3 of 5

THIRD ADMINISTRATIVE APPEAL    Level of appeal: ___N/A___
Grounds raised (list each):

       1) _____
       2) _____
Result/Date of result: _____

FOURTH ADMINISTRATIVE APPEAL   Level of appeal: __N/A__
Grounds raised (list each):
       1) _____
       2) _____
Result/Date of result: _____

(11) Is the grievance process completed?   Yes ( )   No ( )

## PREVIOUS PETITIONS

(12) Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes ( )   No (X)

(13) If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court: __N/A__
Nature of proceeding: _____
Grounds raised (list each):
       1) _____
       2) _____
Result/Date of result: _____

SECOND PREVIOUS PETITION
Name of court: __N/A__
Nature of proceeding: _____
Grounds raised (list each):
       1) _____
       2) _____
Result/Date of result: _____

(14) If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.
AT THE TIME OF MY DIRECT APPEAL IN 2001, AND FIRST 2255 IN 2004, I COULD NOT MAKE A CLAIM OF ACTUAL INNOCENCE OF A NON-CAPITAL, PRE-BOOKER SENTENCE, BECAUSE U.S. v. BOOKER (2005), WAS NOT YET DECIDED. THUS, THE LEGAL BASIS FOR MY CLAIM OF ACTUAL INNOCENCE OF COUNTS 3+4 DID NOT ARISE UNTIL AFTER THE FILING OF FIRST 2255 MOTION.

(15) Are you presently represented by counsel?

Yes ( )              No (X)

If so, provide your attorney's name, address, and telephone number:
_____N/A_____
_____

(16) If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes (X)              No ( )

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

__April 5, 2022__          X __William Cust__
(Date)                        (Signature of Petitioner)

_____N/A_____
(Signature of Attorney, if any)

TRULINCS 37002066 - JOHNSON, ANTHONY - Unit: ATW-E-B

---

FROM: 37002066
TO:
SUBJECT: PAGE 1: CURTIS: 2241 HABEAS CORPUS
DATE: 04/05/2022 06:16:12 PM

PAGE 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

WILLIAM G. CURTIS,                              CIVIL NO.: _____
    Petitioner,

v.

B. M. TRATE, WARDEN, USP ATWATER,
    Respondent.
_____/

        MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
        FOR ORDER FROM THE UNITED STATES DISTRICT COURT,
        EASTERN DISTRICT OF CALIFORNIA, OR IN THE ALTERNATIVE,
        U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT,
        TO CERTIFY THE INSTANT PETITION AS A TRUE
        28 U.S.C. 2241, WRIT OF HABEAS CORPUS, ON A CLAIM OF
        ACTUAL INNOCENCE OF A PRE-BOOKER, NON-CAPITAL SENTENCE,
        FOR THE PURSPOSE OF QUALIFYING FOR THE "ESCAPE HATCH"
        OF 28 U.S.C. 2255(e), PURSUANT TO:
           ALLEN v. IVES, 950 F.3d 1184 (9th Cir. 2020).

COMES NOW William G. Curtis Petitioner Pro Se, a federal prisoner serving a non-capital sentence at USP Atwater, Atwater, California, and hereby prays and respectfully moves this Honorable Court for certification to file the instant writ of habeas corpus pursuant to 28 U.S.C. 2241, under authority of 28 U.S.C. 2255(e), to resolve the question of whether Petitioner may make a claim of actual innocence of a pre-Booker sentence, based on the following:

### I. LIMITED BACKGROUND

On September 17, 1998, a third superseding indictment was returned against Petitioner charging conspiracy to possess with intent to distribute 50 grams or more of crack cocaine (Count 1); Count 2 charged using a person under age of eighteen in the conspiracy; Counts 3 & 4 charged charged use and carry of a firearm under 18 U.S.C.924(j); Count 6 charged possession with intent to distribute 5 grams or more of cocaine; Count 7 charged carrying a firearm with intent to distribute crack cocaine.

Although Petitioner was eligible for the death penalty on Counts 3 & 4, the 924(j) counts, the Attorney General did not authorize seeking the death penalty in this case. Thus, Petitioner received a non-capital sentence.

After conviction via jury trial, on June 1, 2001, Petitioner was sentenced to life imprisonment on Count 1, to be served concurrently with 480 months sentences on Counts 2 and 6. He also received a non-capital sentence of life

FROM: 37002066
TO:
SUBJECT: PAGE 2: CURTIS: 2241 HABEAS CORPUS
DATE: 04/05/2022 06:18:23 PM

PAGE 2

imprisonment on Counts 3 and 4 and 60 months imprisonment on Count 7, each sentence to be consecutive to all other sentences.

Petitioner appealed his convictions to the U.S. Court of Appeals for the Seventh Circuit. That court affirmed the convictions and sentences in a published opinion on March 31, 2003. See, United States v. Curtis, 324 F.3d 501 (7th Cir. 2003). Subsequently, the Supreme Court denied Petitioner's petition for writ of certiorari on November 3, 2003. See, Curtis v. United States, 124 S.Ct. 505 (2003).

On October 21, 2004, Petitioner filed a timely motion pursuant to 28 U.S.C. 2255, raising a number of claims, including ineffective assistance of counsel, and a Blakely claim.

On January 5, 2006, the U.S. District Court, Northern District of Indiana, Hammond Division, denied the writ.

On August 18, 2021, the N.D. Indiana Court GRANTED Petitioner's motion for reduction in sentence, with respect to Counts 1, 2, and 6, the eligible crack cocaine sentences, pursuant to Section 404 of First Step Act of 2018, and imposed a 293-month term of imprisonment on those counts to be run concurrently. Counts 3 & 5, the non-capital sentences of life imprisonment were not reduced.

The instant motion on the question whether Petitioner can be actually innocent of a noncapital pre-Booker sentence, (with respect to Counts 3 & 4) now ensues.

## II. JURSIDICTION

Petitioner is seeking certification to proceed with the instant 2241 petition on a claim of whether a petitioner can ever be actually innocent of a noncapital, pre-Booker sentence, based on the law of this circuit. See, Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020)(Petitioner may make a claim of actual innocence of a pre-Booker sentence). The record in this case establishes that the legal basis for Petitioner's actual innocence claim did not arise until after Petitioner's first 2255 motion. See, Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008)("In determining whether a petitioner had an obstructed procedural shot to pursue his claim,...we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first 2255 motion."). (citation omitted).

TRULINCS 37002066 - JOHNSON, ANTHONY - Unit: ATW-E-B

----

FROM: 37002066
TO:
SUBJECT: PAGE 3: CURTIS: 2241 HABEAS CORPUS
DATE: 04/06/2022 10:17:13 AM

PAGE 3

### III. ISSUE FOR CERTIFICATION

The sole issue presented for certification as a true 28 U.S.C. 2242 petition is:

"WHETHER PETITIONER CAN EVER BE ACTUALLY INNOCENT OF A NONCAPITAL, PRE-BOOKER SENTENCE FOR THE PURPOSE OF QUALIFYING FOR THE 'ESCAPE HATCH" OF 28 U.S.C. 2255(e)?"

Petitioner submits, on June 1, 2001, he was sentenced to a term of imprisonment on a pre-Booker sentence. Subsequently, Petitioner appealed his convictions to the U.S. Court of Appeals for the Seventh Circuit, with certiorari denied on November 3, 2003. See, Curtis v. United States, 124 S.Ct. 505 (2003). On October 1, 2004, Petitioner timely filed a motion pursuant to 2255. Thus, Petitioner could not make a claim of actual innocence of a pre-Booker sentence with respect to Counts 3 & 4 because the actual innocence claim did not arise until after Petitioner's first 2255 motion.

Also, on August 18, 2021, the U.S. District Court for the Northern District of Indiana did not interrupt the sentences imposed on Counts 3 & 4 at the time the Court granted a reduction in sentence with respect to Counts, 1, 2 and 6, under authority of The First Step Act of 2018, notwithstanding the law of the Seventh Circuit which allowed a Court to consider sentencing changes in sentencing law when evaluating 18 U.S.C. 3553(a) factors. See, e.g., United States v. Black, 999 F.3d 1071, 1075 (7th Cir. 2021)(court may consider sentencing changes in sentencing law when evaluating 3553(a) factors).

In this case, the Northern District of Indiana Court could have considered the fact Petitioner is actually innocent of a pre-Booker, noncapital sentence with respect to Counts 3 & 4 because the conviction of conspiracy with respect to Count 1 (21 U.S.C. 846), the underlying offense for the firearms charges, does not require proof of an overt act, and therefore, Petitioner is actually innocent of those offenses as conspiracy to commit a drug trafficking offense DOES NOT require proof of an overt act. See, United States v. Crooks, No. 20-1025 (10th Cir. May 18, 2021)(Case in First Step Act context where Tenth Circuit ruled that district court legally erred by find that Crooks was ineligible for relief committing a conspiracy under 21 U.S.C. 846, and REVERSED and REMANDED).

### IV. CONCLUSION

WHEREFORE, William G. Curtis Petitioner Pro Se, hereby prays and respectfully moves this Honorable Court to certify the instant petition as a true 28 U.S.C. 2241 petition, pursuant to 28 U.S.C. 2255(e), on a claim of actual innocence of a pre-Booker, noncapital sentence under authority of Allen v. Ives.

Done this 5th day of April, 2022.

FROM: 37002066
TO:
SUBJECT: PAGE 4: CURTIS: 2241: HABEAS CORPUS
DATE: 04/05/2022 02:53:10 PM

PAGE 4

## CERTIFICATE OF SERVICE

I, William G. Curtis Petitioner Pro Se, hereby certify that I have served a true and correct copy of the following:

"PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. 2241"

Which is deemed filed at the time it was delivered to prison authorities for forwarding, Houston v. Lack, 101 L.Ed.2d 245 (1988), upon the defendant/defendants and his attorney/attorneys of record, by placing same in a sealed, postage paid envelope addressed to:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF CALIFORNIA
> 2500 TULARE STREET, ROOM 1501
> FRESNO, CA 93721

and deposited same in the United States Mail at: USP Atwater, P.O. Box 019001, Atwater, CA 95301.

I decare under penalty of perjury (Title 28 U.S.C. 1746), that the foregoing is true and correct.

Dated this 5th day of April, 2022.

Respectfully Submitted,

X /s/ William Curtis

William G. Curtis-Petitioner Pro Se
Reg. No. 05512-027
USP Atwater
P.O. Box 019001
Atwater, CA 95301